```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


KEVIN HARRIS,                    )
            Plaintiff,           )
                                 )
            v.                   )    C.A. No. 14-12640-PBS
                                 )
AMY LOWELL APARTMENTS,           )
            Defendant.           )
```

MEMORANDUM AND ORDER

July 8, 2014

SARIS, C.D.J.

    For the reasons set forth below, the Court allows the Motion for Leave to Proceed *in forma pauperis*; (Docket No. 2); denies the Motion for Appointment of Counsel (Docket No. 3); and directs plaintiff to show cause why this action should not be dismissed, or he shall file an Amended Complaint which cures the pleading deficiencies noted below.

## I.  Background

    Plaintiff Kevin Harris, a former tenant in the defendant's subsidized residential housing development in Boston, filed his self-prepared complaint against his former landlord.  See Docket No. 1.  With his complaint, Harris filed an Application to Proceed Without Prepayment of Fees and a Motion for Appointment of Counsel.  See Docket.

    Harris' complaint consists of one (1) typewritten page and is accompanied by eight-three (83) pages of exhibits, including copies of docket sheets and opinions from state court litigation.  See Docket No. 1.  As best can be gleaned from the opinion of the Massachusetts Appeals Court [Kevin Harris v. Amy Lowell

Apartments, 2013-P-0042], Harris appealed from a Superior Court judgment dismissing his claims against the defendant landlord for his 2011 eviction. Harris filed an application for Further Appellate Review, FAR-22299, which was denied on June 10, 2014.

Harris alleges that his civil rights were violated when the defendant used procedures to "Wrongfully Evict him." Harris explains that he seeks review by the federal court because of corruption and judicial misconduct in the Massachusetts state court system.

## II. Discussion

A. The Motion for Leave to Proceed *In Forma Pauperis*

In his Application to Proceed Without Prepayment of Fees, Harris states that he is not employed, has no funds and owns no property. He states that he receives monthly social security benefits and has partial custody of two minor children. On these financial disclosures, the Court finds that he is without funds to pay the filing fee. Accordingly, the Application is granted.

B. Screening of the Complaint

Section 1915 of title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In connection with the preliminary screening, Harris' *pro se* pleadings are construed generously. Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). However, even under a liberal construction, his claims under are subject to dismissal for the reasons discussed below.

C. The Complaint is Subject to Dismissal

Harris does not provide a viable legal basis for this action. To the extent that he challenges the integrity of the state courts' proceedings in which he was recently involved and allege that his federal and state rights were violated by procedural or substantive errors procured by the defendant, this federal district court has no jurisdiction to entertain such claims. Plaintiff's challenges to these final judgments in state court are barred by the Rooker–Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

The Rooker-Feldman doctrine precludes a litigant who was unsuccessful in state court from seeking reversal of that decision in federal court once the state court litigation is completed. See Coggeshall v. Mass. Bd. of Reg'n of Psychologists, 604 F.3d 658, 663 (1st Cir. 2010) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)).

Application of the Rooker–Feldman doctrine is appropriate

3

where: "The losing party in state court filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment." Skinner v. Switzer, --- U.S. ---, ---, 131 S.Ct. 1289, 1297 (2011). To the extent plaintiff seeks to reverse one of the state court judgments referenced in his complaint, this court is without jurisdiction.

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Here, the Court is unable to determine a jurisdictional basis for this action. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action."). See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

To this end, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must plead more than a mere allegation that the defendant has harmed him. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (detailed factual allegations are not required under Rule 8, but a

4

complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.[1]

Even if this Court were not barred by the Rooker-Feldman doctrine from hearing plaintiff's claims of defendant's wrongful eviction, such allegations fail to state a cognizable federal claim pursuant to the Civil Rights Act, 42 U.S.C. § 1983. To the extent Harris brings suit against the state court judges, a judicial officer in the performance of his or her duties has absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "'Absolute judicial immunity protects judges from 'civil liability for any normal and routine judicial act,' except those taken in the 'clear absence of all jurisdiction.'" Goldblatt v. Geiger, 2011 WL 1362119 (D.N.H. 2011) quoting Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir.

---

[1]The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331. 1332, confer "federal question" and "diversity" jurisdiction, respectively. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S.Ct. 691, 699-700, 7 L.Ed.2d 663 (1962).

1989) (citing Stump v. Sparkman, 435 U.S. 349, 357 (1978)). "Judicial immunity from claims for damages 'applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive.'" Goldblatt, 2011 WL 1362119 at *6 quoting Cok, 876 F.2d at 2.

In sum, this action cannot proceed as pled because of the various legal impediments noted above.  In light of this, the Court considers whether appointment of *pro bono* counsel is justified in this case.

D.   The Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); however, a civil plaintiff lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  Because this action appears to be subject to dismissal, the motion is denied.

E.   Order to File a Response and/or an Amended Complaint

In light of the above, this action shall be dismissed within thirty-five (35) days from the date of this Memorandum and Order unless Harris files a show cause response and/or an "Amended Complaint" that comports with the pleading requirements of the Federal Rules of Civil Procedure.  Any Amended Complaint must set forth, in a coherent fashion, each cause of action (i.e., legal theory of liability) against each defendant, along with a brief statement of the underlying facts to support each claim.

This is not an invitation for Harris to tender still another

6

bulky set of documents. If he files an amended complaint and/or show cause response, the Court will review the submission (without reference to any allegations in previously-filed documents) and determine whether the plaintiff has set forth a claim upon which relief may be granted. Summons will not issue until this review is complete.

Failure to comply with these directives or to provide a sufficient show cause response or Amended Complaint will result in dismissal of this action.

### III. Conclusion

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2. Plaintiff's Motion for Appointment of *Pro Bono* Counsel (Docket No. 3) is <u>DENIED</u>;

3. Plaintiff shall, within 35 days of the date of this Memorandum and Order, show cause why this action should not be dismissed, or he shall file an Amended Complaint which cures the pleading deficiencies;  and

5. No summonses shall issue pending further Order of the Court.

SO ORDERED.

    /s/ Patti B. Saris
PATTI B. SARIS
CHIEF, UNITED STATES DISTRICT JUDGE